IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| (1)   RENEE OTTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| (1)   PHOENIX FINANCIAL SERVICES, LLC, | ) | (Unlawful Debt Collection Practices) |
| (2)   CASCADE CAPITAL, LLC | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | | |

## COMPLAINT

NOW COMES Plaintiff, Renee Otto, and for a Complaint against Defendant, Phoenix Financial Services, LLC, and Cascade Capital, LLC alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against Phoenix Financial Services, LLC and Cascade Capital, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Louisiana; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a concrete injury to reputation as a result of Defendants' communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

## **PARTIES**

8. Plaintiff is a natural person who resides in Metairie, Parish of Jefferson, Louisiana.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendants are debt collectors as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant Phoenix Financial Services, LLC and Cascade Capital, LLC are collections businesses with offices in Indianapolis, Indiana, and Mandeville, Louisiana, respectively.

12. Upon information and belief, Defendants use interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

13. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

14. In April, 2018, Plaintiff checked her personal credit report and noticed a debt being reported by Defendant Phoenix Financial Services, LLC for a medical debt, purportedly owed originally to Kenner Emergency Group, LLC.

15. On April 4, 2018, Plaintiff called Defendant Phoenix Financial Services, LLC to discuss the alleged debt. During this call, Plaintiff disputed the alleged debt.

16. However, on May 1, 2018, Defendant Phoenix Financial Services, LLC reported the alleged debt to Plaintiff's credit reports, but failed to communicate that the debt had been disputed by the consumer Plaintiff.

17. On May 11, 2018 Defendant Phoenix Financial Services, LLC sent correspondence on behalf of Defendant Cascade Capital, LLC to Plaintiff seeking and demanding payment for the purported debt in paragraph 14. Apparently, Kenner Emergency Group, LLC sold Plaintiff's disputed debt to Defendant Cascade Capital, LLC, who hired Defendant Phoenix Financial Services, LLC to collect from Plaintiff.

18. Again, on June 5, 2018, Defendant Phoenix Financial Services, LLC reported the alleged debt to Plaintiff's credit reports, on behalf of Defendant Cascade Capital, LLC, but failed a second time to communicate that the debt was disputed by the consumer Plaintiff.

19. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

20. Defendants materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

21. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of**

> **the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

23. On May 1, 2018 and June 5, 2018, Defendants knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified Defendant Phoenix Financial Services, LLC of that dispute during her call with Phoenix on April 4, 2018..

24. Even though Defendants knew or should have known, prior to May 1, 2018 and June 5, 2018 that Plaintiff disputed owing the alleged debt, Defendants failed to thereafter communicate the fact of Plaintiff's dispute to the credit reporting agencies to which Defendants communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

25. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger and frustration, amongst other negative emotions.

26. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Phoenix Financial Services, LLC who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Cascade Capital, LLC.

27. The acts and omissions by Phoenix Financial Services, LLC and its employee debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Cascade Capital, LLC in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, Phoenix Financial Services, LLC and its employee debt collectors were motivated to benefit their principal.

29.     Cascade Capital, LLC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, in their attempts to collect this alleged debt from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

30.     Defendants violated §1692e(8) of the FDCPA by failing to communicate that a disputed debt is disputed to Plaintiff's credit reporting bureaus.

**WHEREFORE**, Plaintiff, Renee Otto, respectfully prays that judgment be entered against Defendants, Phoenix Financial Services, LLC and Cascade Capital, LLC, jointly and severally, for the following:

a)      Statutory damages of $1,000.00 against each Defendant, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)      Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

      c)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

      d)      Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Niko Imbraguglio
Niko Imbraguglio, LSBA #37392

PARAMOUNT LAW
CONSUMER PROTECTION FIRM

43014 Dauphine St
Ste A #26107
New Orleans, LA 70117
(504) 321-8383 voice
(918) 895-9774 fax
5359@paramount-law.net